WATERLOO WOOLEN MANUFACTURING COMPANY, Claimant, *v.* THE STATE OF NEW YORK.

Claim No. 17101.

Court of Claims, October, 1923.

*Claims against state — manufacturer not entitled to damages for roiling of water caused by improvements in Barge canal — state not liable under chapter 630, Laws of 1921.*

MOTION for dismissal of claim as for a nonsuit.

*Ernest G. Gould (Nortrup R. Holmes, of counsel), for claimant.*

*Carl Sherman, attorney-general (Edward J. Mone, deputy attorney-general), for State of New York.*

SMITH, J. This is a motion made by the attorney-general for the dismissal of a claim as for a nonsuit. The claim is practically the same as claim No. 2085-A, which was dismissed by the court upon the grounds stated in the opinion in that case. *Waterloo Woolen Mfg. Co.* v. *State of New York,* 118 Misc. Rep. 516. It is founded upon the same acts of state officers and the items of damage are the same except that in this claim certain additional items of damage are claimed which were not provable on the trial of the former claim for the reason that notice of intention to file a claim for such items of damage had not been seasonably filed.

This claim was filed October 17, 1921, in claimed pursuance of chapter 630 of the Laws of 1921.

All of the considerations urged in support of claim No. 2085-A are urged anew in behalf of the instant claim, and in addition it is claimed that though it be conceded that the dismissal of the former claim for the reasons assigned by the court in the opinion in that case was proper, yet the instant claim must be sustained because it is urged the legislature has, by enacting chapter 630 of the Laws of 1921, assumed liability in cases such as this.

The claim is for damages alleged to have been sustained by claimant as the result of the roiling of the waters of Seneca outlet upstream from claimant's factory by the state work of improvement of the Cayuga and Seneca canal pursuant to the provisions of chapter 391 of the Laws of 1909.

The case was submitted by agreement of counsel upon the evidence taken on the trial of the former claim, claimant offering no new evidence except as to the filing of this claim, the right being reserved to both parties to offer evidence as to the amount of damage in case the motion now under consideration should be denied.

The state has moved to dismiss the claim upon the ground that the facts alleged and proved by claimant are not sufficient in law to establish a valid claim against the state.

In dismissing the former claim, the court decided that, on the undisputed facts, the damage sustained by claimant was consequential damage arising from the performance, without trespass or negligence, of a public work pursuant to authority and command of the legislature and hence *damnum absque injuria*. *Waterloo Woolen Mfg. Co.* v. *State of New York, supra.*

The same disposition must be made of the instant claim unless it is saved by reason of the provisions of chapter 630 of the Laws of 1921.

It is urged by claimant that the work done by the state with the results which inevitably and unavoidably followed from the work, viz., the roiling of the water to the extent that it flowed down to and opposite claimant's lands in a state and condition unfit for use in its factory, constituted an appropriation or use, or both, of claimant's property, and hence that the liability of the state therefor was expressly assumed by the act of 1921, which provides that damages resulting *from the appropriation or use* by the state of any lands, structures, waters, franchises, rights, easements or other property in connection with the enlargement and improvement of its canals shall be deemed just and legal claims against the state whether any land was appropriated or not.

The difficulty with claimant's contention is that there has been no appropriation or use by the state of any property of claimant. There has not even been trespass. The work of the state was performed in its entirety remote from claimant's lands. No water was diverted nor was its free flow interrupted. No use was made by the state in its work of the water of the river. True, as the excavation proceeded, the earth in the bed of the river was disturbed so that particles of earth were held in suspension in the water of the river as it flowed on down to claimant's property, but this does not constitute either an appropriation or use of the water,

which, being flowing water in a navigable stream, claimant did not and could not own.

The motion of the attorney-general for the dismissal of the claim should be granted, with an exception to claimant.

ACKERSON, P. J., concurs.

Ordered accordingly. _____